CASE 86—ORDINARY—OCTOBER 19, 1882.

# Myers, &c., v. Lummis, &c.

APPEAL FROM GRANT CIRCUIT COURT.

1. The order of the court granting a new trial, upon the condition that the costs be paid by appellant in twenty days, was in violation of the *General Statutes, chapter* 26, *section* 27, which gives forty days for payment of costs in such case.

2. The commissioner of the court was directed to pay the costs to the clerk of the court out of funds in hands. He tendered it to the clerk within twenty days, and it was refused.

3. The court should exercise a sound discretion in such cases, and as the costs were tendered to the clerk within twenty days and not accepted, and again tendered within forty days and accepted, and tendered by the clerk to appellees and refused, the order granting the new trial should stand undisturbed.

Myers, &c., v. Lummis, &c.

.SMITH & NEEDHAM FOR APPELLANT.

1. The General Statutes, chapter 26, section 27, provides that "the party to whom a new trial is granted, upon payment of costs, shall, within forty days thereafter, pay the costs of the former trial," &c.

·2. The rule in the construction of the General Statutes is, that they are to be liberally construed. (Gen. Stat., chap. 21, sec. 16.)

3. The order of court that the commissioner, out of funds in his hands, pay the clerk the costs, was complied with in so far as the former could comply with it. (Corbin v. Stout, 7 Bush, 616.)

COLLINS & FINLEY FOR APPELLEE.

No brief.

.JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

A new trial was granted in this case upon condition that the appellants paid the costs already incurred within twenty days from the making of the order. The party failed to pay the costs, and at the next term, and within three days after the commencement of that term, the appellee moved to set aside the order granting a new trial. This motion was sustained, to which appellants excepted, and a judgment rendered.

The General Statutes provides that "the party to whom a new trial is granted, upon the payment of costs, shall, within forty days thereafter, pay the costs of the former trial. If he fail to pay the same within said time, the court _may_, upon motion of the opposite party, made within three ·days after the commencement of the next regular term, set .aside the order granting a new trial, and enter judgment on the verdict rendered in the case." (Chapter 26, section 27.)

The right to make the order granting a new trial effectual ·on the payment of costs is clearly recognized by the statute, and was so adjudged by this court in the case of Corbin v. .Stout, 7th Bush, and we conclude, by reason of the statute, ·the party had forty days within which to pay the costs in :the present case. The costs, however, were not paid within

the forty days, and the question here is, did the appellants.
show any sufficient reason for not complying with the pro-
vision of the statute, and is the law imperative requiring a.
dismissal when there is a failure to pay the costs?

This was an action in the nature of an ejectment for the
recovery of a certain tract of land by the appellees.   After
the return of the verdict by the jury in favor of the plaintiff,
the court became satisfied, from affidavits filed, &c., that the:
land recovered was not within the boundary of appellees'
deed, and, as we infer from the record, for that reason
granted a new trial.

The court below, in such a case as this, and upon the
hearing of such matters, must necessarily exercise some
discretion, and it cannot be that in every case, regardless of
the facts and circumstances attending the particular case, the
judge is compelled, however great the wrong, to set aside
the order if not paid within the time provided by the statute.
In this case it appears that the parties in possession of the
land recovered were the heirs of Louis Myers, to whom the
land had descended, and when the order was entered granting
the new trial upon the payment of costs *within twenty days*,
this further order was made:  "It is ordered that W. G.
Frank, master commissioner, pay to the clerk of this court
the costs in this case from funds in his hands belonging to
the estate of Louis Myers, deceased."

It appears that the fund out of which these costs were
to be paid was a fund already in court, and that the judge
directed its payment by his commissioner out of this fund.
The commissioner was sworn on the hearing of the motion,
and states that he applied to the clerk within the twenty
days, and before the adjournment of court, and offered to
pay the costs, and was told that he had no time to tax it;.

that he saw the clerk after court, and he made the same response; that for this reason he failed to pay it; that before the term at which this motion was made he paid to the clerk the whole of the costs, amounting to $72.85. In this statement the clerk concurs, and also states that he received the costs after the lapse of forty days from the commissioner, and before the next term, and tendered it to the plaintiffs or their attorneys, who refused to receive it. The money was in court all the time out of which to pay the costs, and had only to be handed over by the one officer to the other.

The commissioner states that the estate of Lewis Myers was insolvent, and the presumption may well be indulged that there was nothing out of which to pay these costs except this fund, and as the commissioner was in court with the money, we suppose the only reason it was not paid to the clerk at the time the order was executed was because the clerk had not taxed the costs.

The judge must exercise a sound legal discretion in refusing such a motion when there has been a failure to pay the costs, and every case must be controlled by the facts and circumstances surrounding it, and in this particular case we think the facts required, the costs having been paid to the clerk and tendered to the parties, that the order granting a new trial should remain undisturbed.

The defendants in the action were not even required to pay the costs, and the failure of an officer of the court, over whom they had no control, to comply with the order, ought not to prejudice their rights.

The judgment is therefore reversed, and cause remanded, with directions to award the appellants a new trial, and for further proceedings consistent with this opinion.