J. E. GALBRAITH v. LETITIA GALBRAITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—859, 866.

**Time Allowed for Payment of Costs.**

When costs are not paid within the time allowed and the time is extended by the court they may be paid within the extended time, since Gen. Stat. 1883, ch. 26, § 27, is directory and not mandatory.

**Revoking Codicil to Will.**

Where a codicil to a will appears to have had a black mark drawn over it and it is sought to be shown that the mark was put there by the testator to revoke the codicil, a question of fact is raised for the jury, subject to the supervision of the trial court, and the decision will not be reversed by this court.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 17, 1884.

OPINION BY JUDGE HARGIS:

On the first trial a judgment was found against the validity of the instruments offered for probate as the will of Geo. L. Galbraith. The court granted the propounders a new trial on condition of payment of costs. They failed to pay the costs within forty days, but before the forty days expired further time was given by the court for payment of the costs. The costs were paid after the forty days expired and within the time allowed by the court and the new trial was awarded. We think that Gen. Stat. 1883, ch. 26, § 27, is directory, and unless the court abuses a sound legal discretion in refusing to set aside the order granting a new trial its action should not be disturbed. *Myers v. Lummis,* 80 Ky. 456, 4 Ky. L. 301.

The administrator had no assets which he could reduce to money with which to pay costs, and under all the circumstances of this case we incline to the opinion that the court acted discreetly in granting a new trial. Mrs. Ferring had no power to stop the administrator in his efforts to propound the will of her father, upon whom she held the note for about $800, that might have something to do with the assertion of her rights under the. will or make it to her interest to reject the will.

As to the alleged cancelation of the codicil that question was

before the jury through the will and codicil which were introduced on the trial, and they had the opportunity to inspect and determine whether the black marks across the codicil were of such a character as to indicate an intention to revoke it. This view was presented by the seventh instruction, and there is no such evidence as to the possession or repository of the will and codicil as cut off all opportunity of others to have made the cross or black marks; hence, as the facts and circumstances fail to show that he made the marks, and it may be that he did not make them, the court acted correctly in instructing the jury both as to the fact and intention of the alleged cancelation, and in withholding any instruction on the presumptions which might arise where obliteration, tearing, etc., are admitted to be or must necessarily have been the act of the testator. We are led to believe that the contestants were not materially prejudiced on this point, for they were particular not to ask any instruction as to the presumptions of fact or law themselves, and there certainly could not have been very strong faith in the legal propriety of doing so or it would have been done.

Judgment *affirmed.*

*P. B. Muir & Heyman, for appellant.*

*Badger & English, Isaac Caldwell, Isaac Palmer Caldwell, for appellees.*